

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| JAMES NALLY, derivatively on behalf of 3D SYSTEMS CORPORATION, | ) ) ) | Case Number 0:15-cv-03756-MGL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, DANIEL S. VAN RIPER, G. WALTER LOEWENBAUM, II, JIM D. KEVER, KAREN E. WELKE, KEVIN S. MOORE, PETER H. DIAMANDIS, WILLIAM D. HUMES, and WILLIAM E. CURRAN, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| and | ) ) | |
| 3D SYSTEMS CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) ) | |

___

| | | |
|---|---|---|
| MARK FOSTER, | ) ) | Case Number 0:16-cv-01016-MGL |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ABRAHAM REICHENTAL; DAMON GREGOIRE; CHARLES HULL; WILLIAM E. CURRAN; KEVIN S. | ) ) ) | |

| | |
|---|---|
| MOORE; DANIEL VAN RIPER; WALTER G. LOEWENBAUM II; JIM D. KEVER; KAREN WELKE; PETER DIAMANDIS; AND WILLIAM HUMES, )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |
| and ) | |
| 3D SYSTEMS CORPORATION, ) | |
| Nominal Defendant. )<br>) | |

---

| | |
|---|---|
| DAVE HOWES, Derivatively on Behalf of 3D SYSTEMS CORPORATION, )<br>)<br>) | Case Number 0:16-02810-MGL |
| Plaintiff, )<br>) | |
| v. )<br>) | |
| ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, THEODORE A. HULL, WILLIAM E. CURRAN, PETER H. DIAMANDIS, WILLIAM D. HUMES, JIM D. KEVER, G. WALTER LOEWENBAUM, KEVIN S. MOORE, DANIEL S. VAN RIPER, and KAREN E. WELKE, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. )<br>) | |
| and )<br>) | |
| 3D SYSTEMS CORPORATION, a Delaware corporation, )<br>)<br>) | |
| Nominal Defendant. )<br>) | |

---

| | |
|---|---|
| PHILLIP AMEDURI, Derivatively on Behalf of 3D SYSTEMS CORPORATION, )<br>)<br>) | Case Number 0:16-02995-MGL |
| Plaintiff, )<br>) | |

| | |
|---|---|
| v. | ) |
| | ) |
| ABRAHAM N. REICHENTAL, DAMON | ) |
| J. GREGOIRE, CHARLES W. HULL, | ) |
| THEODORE A. HULL, WILLIAM E. | ) |
| CURRAN, PETER H. DIAMANDIS, | ) |
| WILLIAM D. HUMES, JIM D. KEVER, | ) |
| G. WALTER LOEWENBAUM, KEVIN S. | ) |
| MOORE, DANIEL S. VAN RIPER, and | ) |
| KAREN E. WELKE, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| 3D SYSTEMS CORPORATION, a | ) |
| Delaware corporation, | ) |
| | ) |
| Nominal Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER CONSOLIDATING CASES AND APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**

**I.     INTRODUCTION**

Plaintiffs filed these related cases as shareholder derivative actions (collectively, Related Actions) on behalf of Nominal Defendant 3D Systems Corporation (3D Systems) against certain of its current and former officers and directors. Pending before the Court is Plaintiff James Nally's (Nally) motion to consolidate the Related Actions, appoint Nally as Lead Plaintiff, and approve Nally's selection of Lead Counsel. Also pending before the Court is Plaintiff Dave Howes (Howes), Plaintiff Mark Foster (Foster), and Plaintiff Philip Ameduri's (Ameduri) joint motion (Howes's motion) to consolidate the Related Actions, appoint Howes as Lead Plaintiff, and approve Howes's selection of Lead Counsel. Having carefully considered the motions, the

responses, the replies, Nally's sur-reply, the record, and the applicable law, the Court will grant the motions in part and deny them in part.

## II.     FACTUAL AND PROCEDURAL HISTORY

These Related Actions all stem from the facts underlying a securities class action pending in this Court, captioned *KBC Asset Management NV v. 3D Systems Corp., et al.*, No. 0:15-cv-02393-MGL (the Securities Class Action). In the Securities Class Action, investors allege 3D Systems and its insiders made false and misleading statements to the market regarding 3D Systems' prospects, causing the stock to trade at inflated prices during the period October 29, 2013, through May 5, 2015.

Nally filed the first of the Related Actions on September 18, 2015, *Nally v. Reichental et al.*, No. 0:15-cv-03756-MGL. Foster filed his lawsuit on April 1, 2016, *Foster v. Reichental et al.*, No. 0:16-cv-01016-MGL, Howes filed his case on August 11, 2016, *Howes v. Reichental et al.*, No. 0:16-cv-02810-MGL, and Ameduri filed his claims on September 1, 2016, *Ameduri v. Reichental et al.*, No. 0:16-cv-02995-MGL. This Court stayed each of the Related Actions until the earlier of the close of discovery in the Securities Class Action or the deadline for filing an appeal of the dismissal of the Securities Class Action.

Nally filed an Amended Complaint on January 5, 2017. Then, on February 1, 2017, Nally filed his motion to consolidate the Related Actions, appoint Nally as Lead Plaintiff, and approve Nally's selection of Lifshitz & Miller as Lead Counsel and Duffy & Young, LLC as Liaison Counsel. Defendants responded in support of the motion to consolidate the Related Actions but took no position regarding the appointment of Lead Plaintiff and Lead Counsel. Meanwhile,

Howes, Foster, and Ameduri filed a response in opposition to the portion of Nally's motion seeking appointment as Lead Plaintiff and approval of Lead Counsel, to which Nally filed a reply.

On February 15, 2017, Howes, Foster, and Ameduri filed their joint motion to consolidate the Related Actions, appoint Howes as Lead Plaintiff, and approve Howes's Counsel Structure. Howes supports a proposed Executive Committee of Plaintiffs' counsel, with Schubert Jonckheer & Kolbe LLP designated as Chair of the Executive Committee, Johnson & Weaver, LLP and Bottini & Bottini, Inc. both serving as members thereof, and Strom Law Firm, LLC serving as Liaison Counsel. Nally filed a response in opposition to the portion of Howes's motion seeking appointment as Lead Plaintiff and approval of Counsel Structure, to which Howes filed a reply and Nally filed a sur-reply.

The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of Nally's and Howes's motions.

### III.  DISCUSSION AND ANALYSIS

#### A.  *Motions to Consolidate*

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation, providing "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Arnold v. E. Air Lines,*

*Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (upholding the district court's broad discretion under Rule 42(a)).

Consolidation of similar shareholder derivative actions can be particularly beneficial to courts and parties by expediting pretrial proceedings, avoiding needless duplication, and minimizing expenditure of time, effort, and money.  *See MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ("The purpose of consolidation is to permit trial convenience and economy in administration.").  Moreover, "when consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits."  *See, e.g.*, *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005).

As observed above, all parties in the Related Actions request the Court consolidate the Related Actions under Rule 42(a), as the Related Actions involve common questions of law or fact.  Each of the Related Actions alleges claims for breach of fiduciary duty arising out of the same or similar conduct.  Consequently, each case will involve essentially the same motion practice, discovery, and trial considerations.  The Court, in its discretion, holds consolidation of the Related Actions will be the most efficient use of the Court's and the parties' resources, and, in light of the agreement of the parties on this issue, the Court will therefore grant in part the motions to the extent they seek consolidation of the Related Actions.

### B.     *Motions to Appoint Lead Plaintiff*

Having granted the parties' motions to consolidate the Related Actions, the Court now turns to Nally's and Howes's competing motions to appoint a Lead Plaintiff for the now-consolidated actions.  Rule 23.1 of the Federal Rules of Civil Procedure requires a derivative

plaintiff who leads a shareholder derivative suit to "fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Fed. R. Civ. P. 23.1(a). A shareholder serving as lead plaintiff in such an action occupies a position "of a fiduciary character," in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon his diligence, wisdom, and integrity." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549 (1949). Where multiple shareholder derivative actions are filed, courts have considered the following factors to determine the plaintiff who would best represent the interests of the shareholders: "(1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to unique defenses that would make appointment problematic." *See Horn*, 227 F.R.D. at 3.

Both Nally and Howes equally satisfy the factors outlined above, and the Court holds both Plaintiffs are capable of fairly and adequately representing the interests of the shareholders. Accordingly, the Court will appoint Nally and Howes as Co-Lead Plaintiffs in these consolidated actions. Therefore, the Court will deny in part Nally's and Howes's motions to the extent they seek exclusive appointment as Lead Plaintiff but otherwise grant their requests.

### C.     *Motions to Appoint Lead Counsel*

Having consolidated the Related Actions and appointed Nally and Howes as Co-Lead Plaintiffs, the Court will now consider the parties' arguments regarding Lead Counsel. It is well-established a court having consolidated actions before it may, in its discretion, appoint Lead Counsel to direct, manage, and prosecute the consolidated actions. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2385 (2d ed. 1987); *In re Showa Denko K.K.*

*L-Tryptophan Prod. Liab. Litig.-II*, 953 F.2d 162, 165 (4th Cir. 1992) ("The multiplicity of suits requires that the district court be allowed to combine procedures, appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc. to minimize expense to all litigants and to provide judicial efficiency.").

In selecting Lead Counsel, the guiding principle is who will "best serve the interest of the plaintiffs." *See, e.g.*, *Horn*, 227 F.R.D. at 3. The criteria courts consider in making this determination include counsel's "experience and prior success record, the number, size, and extent of involvement of represented litigations, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged." *See* 3 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 at 388 (4th ed. 2002). Additionally, "courts have considered the quality of the pleadings, the economic interest of the plaintiffs, and the vigor with which the plaintiffs have prosecuted their lawsuits." *See, e.g.*, *Horn*, 227 F.R.D. at 3.

The Court holds Nally's and Howes's proposed counsel possess extensive experience and impressive records of success in cases similar to the Related Actions. The firms represent Plaintiffs with significant financial interests in the outcome of the litigation and have prosecuted the litigation with well-pled and thorough pleadings. The combined experience of these firms will provide Plaintiffs with counsel who will effectively represent their interests. Consequently, the Court appoints Lifshitz & Miller, Schubert Jonckheer & Kolbe, Johnson & Weaver, and Bottini & Bottini as Co-Lead Counsel, and Duffy & Young and Strom Law Firm as Co-Liaison Counsel.

## IV.  CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court the portions of Nally's and Howes's motions seeking to consolidate the Related Actions are **GRANTED**, Howes's motion for appointment as Lead Plaintiff and approval of his counsel structure is **GRANTED IN PART AND DENIED IN PART**, and Nally's motion for appointment as Lead Plaintiff and approval of Lead Counsel is **GRANTED IN PART AND DENIED IN PART**.  Consequently, it is hereby **ORDERED** the Related Actions are consolidated for all purposes, and Nally and Howes are appointed as Co-Lead Plaintiffs.

Moreover:

1. All further proceedings in these cases shall proceed simultaneously as if they were one action.

2. All future filings in these consolidated cases shall comply with the instructions contained in the forthcoming Notice Regarding Consolidated Cases.

3. All past filings in each of the consolidated cases will be deemed to have been filed in all cases.

4. The Court hereby appoints Lifshitz & Miller, Schubert Jonckheer & Kolbe, Johnson & Weaver, and Bottini & Bottini as Co-Lead Counsel, and Duffy & Young and Strom Law Firm as Co-Liaison Counsel.

5. As per Defendants' request, Co-Lead Plaintiffs and Co-Lead Counsel are hereby directed, to the extent possible, to involve the other three similar derivative actions pending outside this Court (*In re 3D Systems Corp. Shareholder Derivative Litigation*, *Booth*, and *Gee*) and any others that have been or may be filed in any

future efforts to coordinate or otherwise direct the derivative litigation on behalf of

3D Systems.

**IT IS SO ORDERED**.

Signed this 27th day of March, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE