

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| JAMES NALLY, Derivatively on Behalf of 3D SYSTEMS CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, DANIEL S. VAN RIPER, G. WALTER LOEWENBAUM, II, JIM D. KEVER, KAREN E. WELKE, KEVIN S. MOORE, PETER H. DIAMANDIS, WILLIAM D. HUMES, and WILLIAM E. CURRAN,<br>    Defendants,<br>and<br><br>3D SYSTEMS CORPORATION,<br>    Nominal Defendant. | § § § § § § § § § § § § § § § § § § | CIVIL CASE NUMBER 0:15-3756-MGL |
| MARK FOSTER,<br>    Plaintiff,<br>v.<br><br>ABRAHAM REICHENTAL, DAMON GREGOIRE, CHARLES HULL, WILLIAM E. CURRAN, KEVIN S. MOORE, DANIEL VAN RIPER, WALTER G. LOEWENBAUM II, JIM D. KEVER, KAREN WELKE, PETER DIAMANDIS, and WILLIAM HUMES,<br>    Defendants,<br><br>and<br><br>3D SYSTEMS CORPORATION,<br>    Nominal Defendant. | § § § § § § § § § § § § § § § § § § | CIVIL CASE NUMBER 0:16-1016-MGL |
| DAVID HOWES, Derivatively on Behalf of 3D SYSTEMS CORPORATION, | § § | |

|                                                                 |   |                                    |
|-----------------------------------------------------------------|---|------------------------------------|
| Plaintiff,                                                      | § |                                    |
|                                                                 | § |                                    |
| v.                                                              | § | CIVIL CASE NUMBER 0:15-2810-MGL    |
|                                                                 | § |                                    |
| ABRAHAM N. REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, THEODORE A. HULL, WILLIAM E. CURRAN, PETER H. DIAMANDIS, WILLIAM D. HUMES, JIM D. KEVER, G. WALTER LOEWENBAUM, KEVIN S. MOORE, DANIEL S. VAN RIPER, and KAREN E. WELKE, | § | |
| Defendants,                                                     | § |                                    |
|                                                                 | § |                                    |
| and                                                             | § |                                    |
|                                                                 | § |                                    |
| 3D SYSTEMS CORPORATION,                                         | § |                                    |
| Nominal Defendant.                                              | § |                                    |
| PHILLIP AMEDURI, Derivatively on Behalf of 3D SYSTEMS CORPORATION, | § | |
| Plaintiff,                                                      | § |                                    |
| v.                                                              | § | CIVIL CASE NUMBER 0:16-02995-MGL   |
|                                                                 | § |                                    |
| ABRAHAM REICHENTAL, DAMON J. GREGOIRE, CHARLES W. HULL, THEODORE A. HULL, WILLIAM E. CURRAN, PETER H. DIAMANDIS, WILLIAM D. HUMES, JIM D. KEVER, G. WALTER LOEWENBAUM, KEVIN S. MOORE, DANIEL S. VAN RIPER, and KAREN E. WELKE, , | § | |
| Defendants,                                                     | § |                                    |
| and                                                             | § |                                    |
|                                                                 | § |                                    |
| 3D SYSTEMS CORPORATION, a Delaware corporation,                 | § |                                    |
| Nominal Defendant.                                              | § |                                    |

**ORDER ADMINISTRATIVELY CLOSING THESE CASES WITHOUT PREJUDICE**

The Court has been advised by counsel for the parties in the above-referenced actions they have reached an agreement in principle to settle these cases. Therefore, these actions are **ADMINISTRATIVELY CLOSED WITHOUT PREJUDICE** while the parties conduct matters required by and related to the Settlement.

If the Settlement is not consummated within one-hundred-eighty days of the filing of this Order, any party may petition the Court to reopen these actions and restore them to the calendar. *See* Fed. R. Civ. P. 60(b)(6). In the alternative, to the extent permitted by law, any party may, within one-hundred eighty days, petition the Court to enforce the Settlement. *See Fairfax County*, 571 F.2d 1299 (4th Cir. 1978). In addition, any party may petition the Court to reopen these actions and restore them to the calendar at any time prior to final approval of the Settlement. The Court may also reopen these actions and restore them to the calendar if it is unable to approve the Settlement.

The Court retains jurisdiction over these cases in all respects and the case dockets shall remain available for filing for all matters related to the Settlement including, without limitation, consideration of all matters related to approval of the Settlement, accepting materials in support of approval of the Settlement, motions regarding attorney's fees and expenses, receipt and consideration of any objections to the Settlement, and all other matters, including enforcement of the Settlement agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82 (1994).

**IT IS SO ORDERED**.

Signed this 28th day of September, 2018, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE